### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT FORREST GREEN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **No. CIV-17** -510-D |
| ) | |
| THE CITY OF NORMAN, Oklahoma ) | ADEA/age discrimination case |
| a municipal corporation, ) | arising in Cleveland County |
| ) | |
| Defendant. ) | State of Oklahoma |

## COMPLAINT

**COMES NOW THE PLAINTIFF,** and alleges that:

## PARTIES

1. The Plaintiff is Robert Forrest Green, Sr., an adult resident of McClain County, Oklahoma, who, at all pertinent times, was over the age of fifty (50) years old.

2. The Defendant is the City of Norman, Oklahoma, a municipal corporation with its municipal headquarters in Cleveland County, Oklahoma.

## JURISDICTION AND VENUE

3. This is a cause of action for discrimination based on age, and retaliation for complaining of age discrimination, both of which are prohibited by the ADEA. Jurisdiction over the federal claims is vested pursuant to 29 U.S.C. 626(c) and 28 U.S.C. § 1331.

4. All of the actions complained of occurred in Cleveland County, Oklahoma, and the Defendant may be served in that county, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## **STATEMENT OF FACTS**

5. The Plaintiff is an adult male over fifty (50) years of age who was employed by the Defendant from approximately 1983 until his involuntary termination, which occurred on or about April 2, 2014.

6. Defendant is a municipal corporation which at all time employed more than twenty (20) employees in each week of each calendar year from 2012 to the present.

7. In October 2012, Plaintiff and others complained of discriminatory acts of retaliation, preferential and unequal treatment, and age discrimination carried out by the Defendant's supervisory employees.

8. An investigation conducted in December 2012 showed that Defendant's manager had referred to older employees as "old cripples" and had stated "we don't want to hire a bunch of old bastards." The investigation revealed that several employees had previously reported these instances but there was no further investigation or corrective action.

9. In February 2014, Defendant, in retaliation for such complaints, surreptitiously planted a defective GPS recorder on the Plaintiff's vehicle and hired private investigators to follow the Plaintiff. No such action was taken toward employees who had not complained of discrimination.

10. On March 27, 2014, Defendant suspended and then fired the Plaintiff based on allegations of misuing work time, taking excessive lunch periods, failing to perform required tasks, and falsifying records.

11. Such reasons were pretextual, and the real reason was discrimination.

12. Plaintiff's job continued to exist after his termination and Plaintiff was replaced with a 38 year old employee.

13. Plaintiff filed a charge of discrimination asserting age discrimination with the EEOC on or about Dec. 8, 2014. The EEOC investigated the complaint and found age discriminatory comments, complaints of "hiring and promoting young employees and forcing out older employees". On or about August 3, 2016, the EEOC issued a charge determination against the City. Ex 1, attached. Conciliation failed and the EEOC issued a right to sue letter on or about March 16, 2017. Ex 2, attached. This action is timely filed within ninety (90) days of the receipt of the right to sue letter.

14. The City's complaints about the Plaintiff were also tried before an arbitrator who on November 24, 2014 found in favor of the Plaintiff stating:

    [T]he City's prolonged 'investigation' was nothing more than an preconceived lynching of Green and Fox. Management intended the outcome and that is why there was never the thought of progressive discipline, only discharge would satisfy their purpose. . .

    Management has messed in its pants. No amount of good lawyering could have saved the day. The City of Norman ought to condemn this rank display of supervisory power. The of Norman ought to be concerned with its ethical and contractual duties to its employees. The City of Norman ought to be concerned with the dignity and human decency accorded to its employees. Notions of fair play, trust and collaboration rather than direct dealing and vendettas ought to be in the forefront of future across-the-board discussion with its employees. . . .

    Ex 3, Arbitration Award, p. 45.

15. As the direct result of Defendant's discriminatory actions, Plaintiff has suffered lost wages and earnings, which are continuing through the present and which increase on a daily basis.

16. Because the actions of Defendant are willful, Plaintiff is entitled to an award of liquidated damages equal to Plaintiff's lost income and benefits through the date of trial.

## **PRAYER**

**WHEREFORE,** Plaintiff prays that he be awarded his actual and liquidated damages, together with costs, pre- and post-judgment interest and attorney's fees, and any other relief as may be appropriate.

**RESPECTFULLY SUBMITTED THIS 3rd DAY OF MAY, 2017.**

s/Mark Hammons
HAMMONS, GOWENS, HURST & ASSOCIATES
MARK HAMMONS OBA # 3784
325 DEAN A. McGEE
OKLAHOMA CITY, OK 73102
(405) 235-6100
FAX: (405) 235-6111
Email: cheri@hammonslaw.com

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**
