## Case No.  CIV-2017-510 D

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

---

### ROBERT FORREST GREEN, SR.,

**Plaintiff,**

**v.**

### CITY OF NORMAN, OKLAHOMA,

**Defendant.**

---

## CITY OF NORMAN'S
## MOTION TO SUMMARY JUDGMENT AND BRIEF IN SUPPORT

---

**Jeff Harley Bryant, OBA No. 11773**
**Rickey J. Knighton II, OBA No. 17257**
**Kristina L. Bell, OBA No. 21597**
**P.O. Box 370**
**201 West Gray**
**Norman, Oklahoma 73070**
**Telephone:  (405) 217-7700**
**Facsimile:  (405) 366-5425**
**Email:  jbryant@normanOK.gov**
**Email:  rknighton@normanOK.gov**
**Email:  kbell@normanOK.gov**

**Attorneys for City of Norman**

# **TABLE OF CONTENTS**

BACKGROUND ........................................................................................... 2

STANDARD OF REVIEW ......................................................................... 3

ARGUMENT AND AUTHORITY .............................................................. 3

PROPOSITION I

PLAINTIFF CANNOT ESTABLISH A
PRIMA FACIE CASE OF AGE
DISCRIMINATION ..................................................................................... 3

PROPOSITION II

PLAINTIFF CANNOT ESTABLISH THAT
THE DISCIPLINE IMPOSED ON HIM
WAS A PRETEXT FOR DISCRIMINATION ..................................................... 7

CONCLUSION .............................................................................................. 13

CERTIFICATE OF SERVICE ..................................................................... 15

INDEX OF EXHIBITS ................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

### Cases

*Adamson v. Multi Cmty. Diversified Servs., Inc.,*
514 F.3d 1136 (10th Cir. 2008) ................................................................. 6

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ........................................... 3

*McDonnell Douglas v. Green,*
411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) .....................................passim

*Roberts v. Int'l Bus. Machines Corp.,*
733 F.3d 1306 (10th Cir. 2013).................................................................. 5

*Stover v. Martinez,*
382 F.3d 1064 (10th Cir. 2004) ................................................................. 3

*Timmerman v. U.S. Bank, N.A.,*
483 F.3d 1106 (10th Cir. 2007) ............................................................11, 13

### Statutes

29 U.S.C. § 623(a)(1) .............................................................................. 5

### Rules

Federal Rule of Civil Procedure 56(c) ...................................................... 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ROBERT FORREST GREEN, SR.,

     Plaintiff,

v.                                                              Case No. CIV-17-510 D

CITY OF NORMAN, Oklahoma, a
municipal corporation,

     Defendant.

## CITY OF NORMAN'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Defendant City of Norman (City) presents the following issues for this Court's consideration:

1.     To establish a prima facie case of age discrimination, Plaintiff Robert Green must show that he was terminated.  The undisputed facts in this case show that the personnel action taken against Plaintiff for violating various work rules is not final.  Can Plaintiff establish a prima facie case of age discrimination?

2.     Assuming without conceding that Plaintiff can establish a prima facie case of age discrimination, the City's legitimate non-discriminatory reasons for the personnel action at issue in this case are misuse of work time, falsifying documents, and failing to perform required tasks.  Can Plaintiff establish that these legitimate non-discriminatory reasons are a mere pretext for age discrimination?

1

# I.   BACKGROUND

This case arises out of discipline imposed on Plaintiff for misuse of work time, falsifying records, and failing to perform required tasks.   An extensive internal investigation confirmed that Plaintiff took excessive breaks and lunches in violation of the Collective Bargaining Agreement (CBA) between the City and Plaintiff's labor union, American Federation of State, County and Municipal Employees, Local 2875 (AFSCME).   Global positioning satellite (GPS) data obtained by the City confirmed that although Plaintiff stated that he complied with the CBA's time limitations regarding breaks and lunches on his daily log sheets, in reality his breaks and lunches were consistently far longer than allowed by the CBA.   The investigation conducted by the City also confirmed that Plaintiff failed to perform tasks assigned to him.   In particular, Plaintiff failed to flush the sewer lines assigned to him but reported on his daily log sheets that the sewer lines had been flushed.

The argument and authority below is divided in two parts. Proposition I addresses whether Plaintiff can establish a prima facie case of age discrimination. Proposition II assumes that Plaintiff can establish a prima facie case of age discrimination, and addresses whether Plaintiff can establish that the City's legitimate non-discriminatory reasons for disciplining him are a mere pretext for age discrimination.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Federal Rule of Civil Procedure 56(c).  To dispute a material fact, a party opposing summary judgment must offer more than a mere "scintilla" of evidence; the evidence must be such that "a reasonable jury" could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).  In reviewing the record, all factual inferences must be drawn in favor of the party opposing summary judgment.  *Stover v. Martinez,* 382 F.3d 1064, 1070 (10th Cir. 2004).

### III.    ARGUMENT AND AUTHORITY

### PROPOSITION I

### PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE OF AGE DISCRIMINATION.

**A.    LCvR 56.1 STATEMENT**[1]

1.    The AFSCME CBA permits AFSCME to refer a grievance regarding certain personnel actions to arbitration if AFSCME is not satisfied with the results of the grievance procedure.  Exhibit 1 – FY 2013 CBA at Article 7, § 8(a).

2.    On April 2, 2014, Plaintiff was disciplined for a) misusing work time by taking excessive rest periods, b) misusing work time by taking excessive lunch

---

[1] Exhibits 1 through 7 and 13 through 17 are authenticated by Exhibit No. 18.

periods, c) failing to perform required tasks, and d) falsifying records.  Exhibit 2 – April 2, 2014, Memo from Ken Komiske, Director of Utilities; Exhibit 1 at Article 12, § 1, Article 14, §§ 1 and 2(b), Article 17, § 3(c), and Article 41, § 1.

3.    AFSCME and Plaintiff filed a grievance regarding the April 2, 2014, disciplined imposed on Plaintiff.  Exhibit 3 – AFSCME Grievance FY 14-6.

4.    Mr. Komiske, Director of Utilities, denied Plaintiff's grievance. Exhibit 4 – April 14, 2014, Memo from Ken Komiske, Director of Utilities.

5.    City Manager Steve Lewis also denied Plaintiff's grievance.  Exhibit 5 – May 13, 2014, Memo from Steve Lewis, City Manager.

6.    Because it was not satisfied with the results of the grievance procedure, AFSCME referred Plaintiff's grievance to arbitration.  Exhibit 6 – May 21, 2014, Memo from Henry Baskeyfield, President AFSCME Local 2875.

7.    An arbitration was held on September 16, 2014.  On November 24, 2014, the arbitrator issued an award reinstating Plaintiff with back pay.  Exhibit 7 – November 24, 2014, Opinion and Award in *In a Matter of Dispute Between: City of Norman, Oklahoma and American Federation of State, County and Municipal Employees, Local 2875*, FMCS No.: 14-571846 at 46.

8.    The City appealed the arbitrator's Opinion and Award to Cleveland County District Court.  The district court granted the City's motion for summary judgment and denied Plaintiff's.  Exhibit 8 – Ruling on Plaintiff's Partial Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment in *American Federation of State, County and Municipal Employees, Local 2875,*

4

*Robert Green, and William Fox v. City of Norman, Oklahoma, a municipal corporation*, Case No. CV-2015-267 JV.[2]

9.   Plaintiff appealed the district court's Ruling to the Oklahoma Supreme Court.   The appeal was assigned to the Court of Civil Appeals, Division III.   The Court of Civil Appeals affirmed the trial court's Ruling and remanded the cause with instructions to remit the issue of progressive discipline to the arbitrator.   Exhibit 9 – Court of Civil Appeals Opinion in *American Federation of State, County and Municipal Employees, Local 2875, and Robert Green v. City of Norman, Oklahoma, a municipal corporation*, Case No. 114,640.

10.   Plaintiff filed a petition for writ of certiorari with the Oklahoma Supreme Court.   The Supreme Court granted Plaintiff's petition but has not issued a decision.   Exhibit 10 – Docket from Oklahoma Supreme Court Case No. 114,640.

## B.   DISCUSSION

The Age Discrimination in Employment Act (ADEA) makes it "unlawful for an employer … to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."   29 U.S.C. § 623(a)(1).   Without direct evidence of discrimination, courts "evaluate[s] the claim using the *McDonnell Douglas* [*v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)] burden-shifting approach."   *Roberts v. Int'l Bus. Machines Corp.*, 733

[2] Plaintiff's co-worker, William Fox, requested to be reinstated so he could resign. Thus, he is no longer a party to Case No. 114,640.

5

F.3d 1306, 1309 (10th Cir. 2013).  To establish a prima facie case of an ADEA violation under *McDonnell Douglas*, a plaintiff must demonstrate he was: (1) over 40 years of age; (2) performing satisfactory work; (3) terminated from employment; and (4) replaced by a person with comparable qualifications, but of younger age.  *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1146 (10th Cir. 2008).  If the plaintiff meets this burden, the defendant must then provide a legitimate, nondiscriminatory reason for its actions.   *McDonnell Douglas Corp.*, 411 U.S. at 802.  If the defendant is able to provide such a reason, the burden is shifted back to the plaintiff to introduce evidence that the reason given by the defendant is a mere pretext for discriminatory intent.  *Id.* at 804.

The undisputed facts in this case show that the discipline imposed on Plaintiff was submitted to an arbitrator and that the arbitrator reinstated Plaintiff with back pay.  The undisputed facts in this case further show that the arbitrator's decision was vacated in state district court because the arbitrator exceeded his authority and that the state district court's decision was affirmed on appeal with instructions to remit the issue of progressive discipline to the arbitrator.  The Oklahoma Supreme Court granted Plaintiff's petition for a writ of certiorari but has not issued a decision.

The Oklahoma Supreme Court can vacate the Court of Civil Appeals decision and reverse the district court's judgment with instructions to enter judgment in Plaintiff's favor – i.e., enforcing the arbitrator's award.   The undisputed facts show that the arbitrator's award requires, *inter alia*, that

Plaintiff be reinstated with back pay.  If Plaintiff is reinstated with back pay, he cannot establish the third element of a prima facie case of an ADEA violation – i.e., that he was terminated from employment.

The Oklahoma Supreme Court can also affirm the Court of Civil Appeals decision.  The undisputed facts show that the Court of Civil Appeals decision requires that the district court remit the issue of progressive discipline to the arbitrator.  The arbitrator can impose a lesser form of discipline – e.g., a written reprimand or a suspension without pay – and award Plaintiff back pay.   If the arbitrator imposes a lesser form of discipline, Plaintiff cannot establish the third element of a prima facie case of an ADEA violation – i.e., that he was terminated from employment.

Finally, the arbitrator can determine that termination is the appropriate level of discipline for the misconduct admitted by Plaintiff.  Then, and only then, can Plaintiff establish the third element of a prima facie case of an ADEA violation.   Because Plaintiff cannot establish the third element of a prima facie case of an ADEA violation, the City is entitled to summary judgment.

## PROPOSITION II

### PLAINTIFF CANNOT ESTABLISH THAT HIS TERMINATION WAS A PRETEXT FOR DISCRIMINATORY INTENT.

## A.    LCvR 56.1 STATEMENT

1.    Plaintiff held the position of Heavy Equipment Operator in the Sewer Line Maintenance Division of the City's Utilities Department.  Exhibit 11 -

September 16, 2014, Arbitration Transcript at pg. 24, lns. 18-23.

2.     During his tenure with the City, Plaintiff executed a document which asserts that he read and understood the following:

> **(3)   BREAKS ARE 25 MINUTES LONG INCLUDING DRIVE TIME. (0955-1020 HRS) (1425-1450 HRS)**
>
> **(4)   LUNCH IS 40 MINUTES LONG INCLUDING CLEANUP TIME.   THERE IS NO DRIVE TIME. CREWS WILL BE BACK ON JOB SITE AND WORKING NO LATER THAN 1235.**

Exhibit 12 – Acknowledgment Executed by Plaintiff.

3.     On August 10, 2012, Plaintiff received an oral reprimand for failing to follow procedures and directives.  The procedures and directives Plaintiff failed to follow include taking extended breaks after being reminded of the division break policy on August 3, 2012.  Exhibit 13 – August 10, 2012, Oral Reprimand. *See also* Exhibit 15 at No. 4 – April 1, 2014 Pre-Disciplinary Meeting at 34:34 (Plaintiff admitting that he was warned about lunches and breaks).

4.     On October 26, 2012, Plaintiff executed the following Acknowledgment of Understanding:

> I acknowledge that after the meeting that occurred on 10/26/12 at 0800 hours pertaining to log sheet discrepancies for the date of 10/22/12, and past log sheet discrepancies that were brought to the attention of Randy Larson (Sewer specialist), that I now understand that I must contact my Crew Chief if I am to be in an area other that what is assigned to myself and my unit. I understand that if my Crew Chief cannot be contacted I will contact the sewer specialist or the Sewer Supervisor in this matter. I understand the importance and necessity of the policies, procedures, and directives set forth to better serve the Citizens of the City of Norman, and better the harmony of

8

the City of Norman's Line Maintenance Division. I understand that
this is not a "verbal warning" or a "reprimand", but merely a letter of
acknowledgement that I understand.

Exhibit 14 – October 26, 2012, Acknowledgment of Understanding.

5.     On February 17, 2014, Mr. Green's direct supervisor, John
McCarrell, observed Mr. Green at the Atwoods store located at 1719 24th Avenue
Southwest in Norman, Oklahoma.  Atwoods is outside of Mr. Green's assigned
area and not noted on Plaintiff's daily log.  Exhibit 11 at pg. 78, ln. 20 – pg. 79, ln.
25.

6.     Surveillance video obtained by the City shows that Plaintiff entered
Atwoods at 11:30 am and exited at 11:48 am.  Exhibit 15 – Conventionally Filed
DVD at No. 1 – Atwoods Video.[3]

7.     Plaintiff's daily log sheet for February 17, 2014, states that Mr. Green
washed 700 feet of sewer line between 11:05 am and 11:59 am.  It does not state
that Mr. Green went to Atwoods.  Exhibit 16 - Green/Fox Daily from February 17,
2014; Exhibit 11 at pg. 80, ln. 1 to pg. 81, ln. 5.

8.     Mr. McCarrell reported his observations to his direct supervisor,
David Hager, Utilities Superintendent.  Exhibit 11 at pg. 82, lns. 7-10.

9.     To determine if Mr. McCarrell's observation was an anomaly, a
global positioning system (GPS) was placed on Plaintiff's work vehicle.  *Id.* at pg.
82, ln. 11 to pg. 83, ln. 1.

---

[3] Plaintiff is wearing blue jeans and a brown shirt.  He enters at 11:32 am and
exits at 11:45 am.

10.     A GPS device was also placed on a sewer flush truck operated by Plaintiff's co-workers to determine if they were complying with the City's work rules regarding breaks and lunch.   The data from this device showed that Plaintiff's co-workers were complying with the City's work rules regarding breaks and lunch.  *Id.* at pg. 83, lns. 5-15.

11.     The data collected by the GPS showed that Plaintiff habitually violated the City's work rule regarding breaks and lunches.   Exhibit 17 - PowerPoint Presented at March 27, 2014, Pre-Disciplinary Meeting.   For example:

    a.     On March 14, 2014, Plaintiff exceeded the time for his morning break by 49 minutes.  *Id.* at 006.

    b.     On March 14, 2014, Plaintiff exceeded the time for his lunch break by 45 minutes.  *Id.* at 008.

    c.     On March 14, 2014, Plaintiff exceeded the time for his afternoon break by 48 minutes.  *Id.* at 010.

12.     A comparison of Plaintiff's daily log sheets with GPS data showed that Plaintiff was not accurately logging his daily activity.  *Id.* at 6-20.

13.     To determine if Plaintiff was actually washing sewer lines as directed, video was obtained of the sewer lines Plaintiff claims to have washed. This video indicated that the lines had not been washed.  Exhibit 15 at No. 2 – 039 to 038 Before and After.

14.     For comparison purposes, the City directed another crew to wash the

line and a second video was taken.   The second video shows the difference between an unwashed line and a washed line.   *Id.*

15.     A pre-disciplinary meeting for Plaintiff was held on March 27, 2014. Exhibit 2; Exhibit 15 at No. 3 – March 27, 2014 Pre-Disciplinary Meeting.   A follow-up meeting was held on April 1, 2014, to give Plaintiff an opportunity to respond to additional information provided by Plaintiff's Crew Chief, Rick Landers.  Exhibit 2; Exhibit 15 at No. 4 – April 1, 2014 Pre-Disciplinary Meeting.

16.     During the follow-up meeting, Plaintiff admitted that he misused work time and falsified records.  In particular, Plaintiff stated as follows:

> Like I say, I was in charge of that truck; I was in charge of that daily; I want to take full responsibility on it; leave this man put him back to work; take me out. [Unintelligible] I'm being honest, you know.   I'm the one that lied on the daily; I'm the one that drove the truck – I wasn't where I was supposed to be.

Exhibit 15 at 4 – April 1, 2014 Pre-Disciplinary Meeting at 37:37.[4]

## B.     DISCUSSION

Assuming without conceding that Plaintiff can establish a prima facie case of age discrimination, he cannot prove pretext.  To establish pretext under the ADEA, an employee must show there is enough inconsistency or implausibility in his employer's stated explanation for the challenged personnel action that a reasonable trier of fact could find it unworthy of belief.   *Timmerman v. U.S.*

---

[4] The majority of Plaintiff's comments during the follow-up meeting do not concern the reason he was dismissed.   Plaintiff is not accused of inaccurately measuring how much sewer lines he washed.   Rather, his is accused of logging that he was working when he taking excessive breaks and lunches.

*Bank, N.A.*, 483 F.3d 1106, 1113 (10th Cir. 2007).

In this case, the City's legitimate non-discriminatory reasons for disciplining Plaintiff are misuse of work time by taking excessive rest periods, misuse of work time by taking excessive lunch periods, failing to perform required tasks, and falsifying records.    The undisputed facts in this case show that Plaintiff admits misusing work time by taking excessive rest periods, misusing work time by taking excessive lunch periods, and falsifying records. There are no inconsistencies or implausibilities in the City's stated explanation for disciplining Plaintiff.  Fairly restated, no reasonable trier of fact could find the City's stated explanation unworthy of belief.

In response to the City's argument, it is anticipated that Plaintiff will point this Court toward statements alleged to have been made by Plaintiff's immediate supervisor, John McCarrell, Sewer Line Maintenance Supervisor.  *See* Complaint [Doc. Entry No. 1] at pg. 2, ¶ 8 ("[a]n investigation conducted in December 2012 showed that Defendant's manager had referred to older employees as 'old cripples' and had stated 'we don't want to hire a bunch of old bastards.")[5]  The problem with this evidence is Mr. McCarrell did not make the decision to discipline Plaintiff.   Mr. McCarrell's only participation in the process was his observation of Plaintiff at Atwoods and discussion with Mr. Hager regarding placing a GPS device on Plaintiff's work vehicle.  Mr. McCarrell's observation of

---

[5] Mr. McCarrell denies making these statements.  However, the City understands that for the purpose of summary judgment, the statements attributed to Mr. McCarrell must be taken as true.  *Stover* supra.

Plaintiff at Atwoods is supported by surveillance video from Atwoods and Plaintiff's admission. Moreover, Plaintiff also admits what the GPS data confirmed — i.e., Plaintiff was not where he was supposed to be. Although not final, the decision to discipline Plaintiff was made by Mr. Komiske after an extensive investigation and there is no evidence in this case which supports an inference that Mr. Komiske was merely a rubber stamp for Mr. McCarrell's alleged prejudice. *See Timmerman*, 483 F.3d at 1114. Consequently, Plaintiff's claim against the City necessarily fails.

## IV.   CONCLUSION

Plaintiff cannot establish a prima facie case of age discrimination because the discipline to be imposed on him for his admitted violations of the City's work rules is not final. Should the Oklahoma Supreme Court or an arbitrator conclude that the appropriate level of discipline is something less than dismissal, Plaintiff will not be able to establish that he was terminated or that he was replaced by a person with comparable qualifications, but of younger age. Assuming without conceding that Plaintiff can establish a prima facie case of age discrimination, he cannot establish that the City's legitimate non-discriminatory reasons for the discipline at issue in this case are a mere pretext for age discrimination. Plaintiff admits that he violated the City's work rules.

**WHEREFORE** the above and forgoing, the City respectfully requests that this Court grant summary judgment in the City's favor and award the City all other relief deemed just and equitable.

Respectfully submitted,

CITY OF NORMAN, OKLAHOMA
JEFF HARLEY BRYANT, CITY ATTORNEY

by:   s/ *Rickey J. Knighton II*
        Rickey J. Knighton II, OBA No. 17257
        Assistant City Attorney
        Kristina L. Bell, OBA No. 21597
        Assistant City Attorney
        P.O. Box 370
        201 West Gray
        Norman, Oklahoma 73070
        Telephone:  (405) 366-5423
        Facsimile:  (405) 366-5425
        Email:  rick.knighton@normanok.gov
        Email:  Kristina.bell@normanok.gov

Attorneys for City of Norman

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2017, I electronically transmitted the above and foregoing Motion for Summary Judgment to the Clerk of Court using the ECF System for filing to:  Mark Hammons, Esq.

<u>s/ *Rickey J. Knighton II*</u>

# INDEX OF EXHIBITS

**No.**                **Description**

1.      FY 2013 AFSCME Collective Bargaining Agreement

2.      April 2, 2014, Memo from Ken Komiske, Director of Utilities

3.      AFSCME Grievance FY 14-6

4.      April 14, 2014, Memo from Ken Komiske, Director of Utilities

5.      May 13, 2014, Memo from Steve Lewis, City Manager

6.      May 21, 2014, Memo from Henry Baskeyfield, President AFSCME Local 2875

7.      November 24, 2014, Opinion and Award in *In a Matter of Dispute Between: City of Norman, Oklahoma and American Federation of State, County and Municipal Employees, Local 2875*, FMCS No.: 14-571846

8.      Ruling on Plaintiff's Partial Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment in *American Federation of State, County and Municipal Employees, Local 2875, Robert Green, and William Fox v. City of Norman, Oklahoma, a municipal corporation*, Case No. CV-204-267

9.      Court of Civil Appeals Opinion in *American Federation of State, County and Municipal Employees, Local 2875, and Robert Green v. City of Norman, Oklahoma, a municipal corporation*, Case No. 114,640

10.     Docket from Oklahoma Supreme Court Case No. 114,640

11.     September 16, 2014, Arbitration Transcript

12.     Acknowledgement Executed by Plaintiff

13.     August 10, 2012, Oral Reprimand

14.     October 26, 2012, Acknowledgement of Understanding

| No. | Description |
|-----|-------------|
| 15. | Conventionally Filed DVD |
| 16. | Green/Fox Daily from February 17, 2014 |
| 17. | PowerPoint Presented at March 27, 2014, Pre-Disciplinary Meeting |
| 18. | December 8, 2017, Affidavit of Brenda Hall |