IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ROBERT FOREST GREEN, SR.,            )
                                     )
                  Plaintiff,         )
                                     )
v.                                   )    Case No. CIV-17-510-D
                                     )
CITY OF NORMAN, OKLAHOMA,            )
                                     )
                  Defendant.         )

## **O R D E R**

Before the Court is Defendant City of Norman's Motion for Summary Judgment [Doc. No. 17], filed pursuant to Fed. R. Civ. P. 56 and LCvR56.1. Defendant seeks a judgment in its favor on Plaintiff's claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 101 *et seq*. Plaintiff Robert Forrest Green, Sr. has responded in opposition to the Motion, which is fully briefed.

### **Factual and Procedural Background**

Plaintiff claims Defendant terminated his 30-year employment in its utilities department in April 2014 because of his age, which was over 50 years. Plaintiff was suspended and then fired from his job as a heavy machine operator doing sewer line maintenance, based on allegations of misusing work time by taking excessive breaks, failing to perform required tasks, and falsifying records. Plaintiff's termination was the subject of a grievance under a collective bargaining agreement and an EEOC charge under the ADEA. Both resulted in rulings favorable to Plaintiff.

In an arbitration brought by the union regarding the grievance, the arbitrator issued an award reinstating Plaintiff with back pay, overtime, and related benefits. Defendant sought judicial review of the arbitration award in state court; the district court vacated the award; and Plaintiff and the union appealed. The Oklahoma Court of Civil Appeals (OCCA) affirmed the district court's ruling but remanded with directions to remit the matter to the arbitrator for further proceedings regarding the issue of progressive discipline. *See Am. Fed'n of State, Cty. & Mun. Emps., Local 2875 v. City of Norman*, No. 114,640 (Okla. Civ. App. Sept. 16, 2016). The Oklahoma Supreme Court has granted a petition for certiorari review, and the appeal remains pending.

The EEOC found reasonable cause to believe that age discrimination had occurred. However, the EEOC's conciliation efforts failed, and it declined to bring suit. The EEOC instead issued Plaintiff a right-to-sue notice, and he timely filed this action.

## Standard of Decision

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id*. at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Id*.

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317,

322-23 (1986). If the movant carries this burden, the nonmovant must go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see* Fed. R. Civ. P. 56(c)(1)(A). The question to be decided is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *See Anderson*, 477 U.S. at 251-52.

### Defendant's Motion

Defendant seeks summary judgment under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Defendant first asserts that Plaintiff cannot establish a *prima facie* case of age discrimination because, if his pending appeal is successful, Plaintiff could be reinstated with back pay and benefits and then he would not have suffered an adverse employment action. This argument merits little discussion. It is purely hypothetical, and cannot support a finding that Plaintiff has failed to establish an element of his claim.

Proceeding to the next step of the *McDonnell Douglas* analysis, Defendant asserts that Plaintiff cannot show its stated reasons for terminating his employment are pretextual. "A plaintiff can establish pretext by showing the defendant's proffered non-discriminatory explanations for its actions are so incoherent, weak, inconsistent, or contradictory that a rational factfinder could conclude they are unworthy of belief." *EEOC v. C.R. England,*

3

*Inc.*, 644 F.3d 1028, 1038-39 (10th Cir. 2011) (internal quotations and alterations omitted); *see Foster v. Mountain Coal Co*, 830 F.3d 1178, 1194 (10th Cir. 2016). "A plaintiff demonstrates pretext by showing either that a discriminatory reason more likely motivated the employer or that the employer's proffered explanation is unworthy of credence." *Zamora v. Elite Logistics, Inc.*, 478 F.3d 1160, 1166 (10th Cir. 2007) (internal quotation omitted).

Defendant argues that Plaintiff lacks sufficient evidence to establish pretext. While admitting there is evidence of ageist comments and conduct by Plaintiff's supervisor, John McCarrell, Defendant contends Mr. McCarrell was not the decisionmaker for Plaintiff's termination, which was discipline imposed by the utilities director, Kenneth Komiske. Moreover, Mr. Komiske reached the decision after an extensive investigation that involved monitoring the movements of Plaintiff's assigned vehicle with a global positioning system (GPS) device, comparing Plaintiff's daily log sheets with GPS data, obtaining surveillance videos, employing a private investigator, and making and comparing video-recordings of washed and unwashed sewer lines to judge the accuracy of Plaintiff's work logs.

### Plaintiff's Response

In response, Plaintiff presents facts and evidence that show, when viewed most favorably to him: 1) Mr. McCarrell played a key role in the investigation of Plaintiff and a 57-year-old coworker who was investigated and terminated at the same time; 2) the extent of the investigation and the resources expended on it were considerable, suggesting the two workers were singled out for harsh treatment; 3) within the department where they worked, Defendant hired or promoted nine employees between the ages of 18 and 38 years during

4

a relevant two-year period; 4) progressive discipline and "just cause" for termination were required by the collective bargaining agreement; 5) progressive discipline was not used in terminating Plaintiff (or his co-worker);[1] 6) other employees who were similarly situated to Plaintiff were not terminated for comparable offenses; 7) some of the performance-based reasons for Plaintiff's termination could reasonably be questioned;[2] and 8) the EEOC's investigation resulted in a reasonable-cause finding of age discrimination.[3]

Upon consideration of the facts and evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has shown sufficient inconsistencies and weaknesses in Defendant's explanation of the decision to terminate his employment that, combined with procedural irregularities and facts suggesting an age-related basis for the decision, a jury could reasonably conclude that Defendant's asserted reason for the termination decision is pretextual. Therefore, the Court finds that Plaintiff has sufficiently demonstrated the existence of a genuine dispute of material facts regarding his age discrimination claim.

---

[1] The Court recognizes the use of progressive discipline is a disputed issue, but Rule 56 requires all reasonable inferences to be drawn in Plaintiff's favor, regardless whether the Court would draw the same inferences.

[2] For example, no clogs were found in the lines that Plaintiff was accused of falsely claiming to have cleaned. Defendant had not previously used sewer-line videos to evaluate line maintenance work (as was done during the investigation), and the videos could be viewed as inconclusive.

[3] Defendant correctly contends the Tenth Circuit has held that "when the independent facts before the district court judge fail to establish a genuine issue of material fact, a favorable EEOC letter of determination does not create one." *See Simms v. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1331 (10th Cir. 1999), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002; *see also White v. Okla.*, 552 F. App'x 840, 848 (10th Cir. 2014). Here, however, Plaintiff presents some of the same facts and evidence that were submitted to the EEOC, and the EEOC's favorable determination in this case as suggesting a reasonable conclusion that a factfinder could reach. The Court expresses no view of whether the EEOC's determination would constitute admissible trial evidence.

**Conclusion**

For these reasons, the Court finds that Defendant is not entitled to summary judgment on Plaintiff's ADEA claim.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [Doc. No. 17] is DENIED.

IT IS SO ORDERED this 15th day of August, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE