IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT FORREST GREEN, SR., )
)
        Plaintiff, )
)
v. ) Case No. CIV-17-510-D
)
CITY OF NORMAN, )
)
        Defendant. )

**<u>O R D E R</u>**

Before the Court is Defendant's Motion to Stay [Doc. No. 61], which invokes the federal abstention doctrine of *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), to delay a jury trial set on the Court's January 8, 2019 docket pending the completion of a state court appeal. Plaintiff has timely opposed the Motion, which is fully briefed.[1]

This case concerns Plaintiff Robert Forrest Green, Sr.'s claim that Defendant City of Norman terminated his 30-year employment in its utilities department in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 101 *et seq.*[2] The related state court case is an action by a labor union and Plaintiff to confirm an arbitrator's award finding that Defendant lacked just cause for discharging Plaintiff – as required by the collective bargaining agreement governing his municipal employment – and ordering

---

[1] Plaintiff filed a response brief [Doc. No. 62], and Defendant replied [Doc. No. 67].

[2] The factual and procedural background of the case appears in the Order of August 15, 2018 [Doc. No. 33], denying Defendant's motion for summary judgment.

Plaintiff's reinstatement with back pay and restored benefits. A state district court vacated the arbitrator's decision and award; the Oklahoma Court of Civil Appeals issued an opinion affirming the district court but remanding the case with instructions to remit the matter to the arbitrator to resolve the issue of progressive discipline; and the Oklahoma Supreme Court has granted certiorari review, which is fully briefed but remains pending.

The question presented by Defendant's Motion is whether the Court should abstain from conducting a jury trial of this action based on the *Colorado River* doctrine.[3] This abstention doctrine controls when deciding whether a district court should stay or dismiss a federal case pending the resolution of a parallel state court proceeding. *See Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). The doctrine rests on a desire for judicial economy, not from constitutional concerns about federal-state comity, and requires a determination that "there exist 'exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of jurisdiction.'" *Id.* at 1303 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25-26 (1983), emphasis omitted). Under this doctrine, federal courts have the power to refrain from hearing cases that are duplicative of a pending state court proceeding; "the avoidance of duplicative litigation . . . is at the core of the *Colorado River* doctrine." *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013).

---

[3] In its reply brief, Defendant seeks to expand its Motion by arguing that, even if *Colorado River* does not apply, the Court should stay the case in an exercise of its inherent authority to manage its docket. *See* Def.'s Reply Br. at 8 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The Court declines to consider new matter that is beyond the scope of the issues raised by Defendant's Motion.

In deciding the application of the *Colorado River* doctrine, a threshold issue is whether the state and federal actions are parallel. *United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002). "[E]xact identity of parties and issues is not required." *Id*. Instead, state and federal suits are parallel "if substantially the same parties litigate substantially the same issues." *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994) (internal quotation omitted).

Upon consideration of Defendant's Motion and the existing record, the Court finds that this case is not parallel to the state court case regarding Defendant's termination of Plaintiff's employment. This case concerns Plaintiff's federal claim that his termination violated the ADEA; this claim was not raised in the union grievance or arbitration, was not addressed by the arbitrator, and was not presented to the state courts. The state court case concerns a claim that Plaintiff was wrongfully discharged in violation of the collective bargaining agreement and, more precisely, that the arbitration award in his favor should be confirmed. Although Plaintiff asserts in both cases that Defendant wrongly terminated his employment, the two cases do not involve the same claims or substantive issues.

Defendant argues that the issues in the two cases are sufficiently similar because "both cases arise out of the appropriate level of discipline that may be imposed on Plaintiff for [alleged misconduct]." *See* Def.'s Mot. at 4. Stated differently, Defendant asserts that both actions "arise out of the same transaction – i.e., the misconduct committed by Plaintiff." *See* Def.'s Reply Br. at 3, 5. Neither assertion is entirely correct. Although both cases involve a factual question of whether Plaintiff engaged in serious misconduct warranting discharge (because that is Defendant's stated reason for terminating Plaintiff),

3

the question plays a subordinate role in this case to resolve the overarching question of whether Defendant's decision was motivated by age discrimination. And the question is not directly presented in the state court case at all; the state courts are not called to determine the correctness of the arbitrator's finding on this issue.[4]

No party presents any legal authority for the proposition that the arbitrator's decision binds this Court or controls any finding by the jury in this case.[5] Defendant instead argues that the arbitrator's decision (if confirmed by the supreme court) could have a preclusive effect on recoverable remedies, such as reinstatement and backpay. *See* Def.'s Reply Br. at 5. Although it is true Plaintiff's alternative claims in the two cases involve duplicative remedies, additional remedies may be available to Plaintiff if he prevails in this case. In addition to reinstatement and backpay, the ADEA authorizes an award of liquidated damages upon proof of a willful violation and recovery of a reasonable attorney's fee. *See* 29 U.S.C. § 626(b). Thus, while there may be some overlap between Plaintiff's state and federal cases based on his termination, the Court finds that Defendant has failed to show the existence of parallel actions to which the *Colorado River* doctrine applies.

Further, if Defendant were able to make this threshold showing, the Court is not persuaded that proper circumstances for federal abstention exist. The Supreme Court has

---

[4] Judicial review is limited to determining whether the arbitrator exceeded his authority. *See Am. Fed'n of State, Cty. & Mun. Emps., Local 2875 v. City of Norman*, No. 114,640, slip op. at 8 (Okla. Civ. App. Sept. 16, 2016), *cert. granted* (Mar. 27, 2017).

[5] The parties simply disagree about whether the arbitrator's decision is admissible evidence. *See* Def.'s Mot. In Limine [Doc. No. 51] at 4-5; Pl.'s Resp. Br. [Doc. No. 54] at 11-15.

identified four factors to consider in determining whether to invoke the *Colorado River* doctrine: "(1) whether the state or federal court first assumed jurisdiction over the same res; (2) 'the inconvenience of the federal forum'; (3) 'the desirability of avoiding piecemeal litigation'; and (4) 'the order in which jurisdiction was obtained by the concurrent forums.'" *Osguthorpe*, 705 F. 3d at 1234 (quoting *Colorado River*, 424 U.S. at 818). However, "the latter two factors weigh heavily on our analysis. The 'paramount' consideration in *Colorado River* was the third factor: 'the danger of piecemeal litigation.'" *Id.* (quoting *Moses H. Cone*, 460 U.S. at 19). In *Moses H. Cone*, the Supreme Court "supplemented its original *Colorado River* framework with additional factors for courts to weigh when deciding the appropriateness of abstention[:] . . . whether 'federal law provides the rule of decision on the merits,' and whether the state-court proceedings adequately protect the litigants' rights." *Osguthorpe*, 705 F. 3d at 1235 (citations omitted, quoting *Moses H. Cone*, 460 U.S. at 23, 26-27).

Upon consideration of the applicable factors in this case, the Court finds that Defendant has failed to show that abstention is warranted. Defendant contends the state court case has already progressed "to Oklahoma's court of last resort for civil matters." *See* Def.'s Mot. at 6; Reply Br. at 4. Although true, the progress that has been made in state court has not advanced the substantive issues in this case at all. The state court case will not resolve Plaintiff's federal statutory claim or the issues necessary to adjudicate the claim, and this case will not resolve the issues presented there.[6] Further, if the court of

---

[6] Defendant vaguely alludes to "serious *res judicata* problems" if this case reaches a final conclusion before the state case. *See* Def.'s Mot. at 6. But Defendant fails to explain what, if

appeals' decision stands or the Oklahoma Supreme Court reaches a similar conclusion, the labor dispute will be remanded for further arbitration proceedings and, presumably, additional litigation. On the other hand, this Court has a duty to adjudicate Plaintiff's federal law claim in a timely manner. This case has proceeded through discovery and a summary judgment ruling; it is substantially ready for trial.[7] The fact that the two cases involve different claims weighs in favor of letting them proceed simultaneously.

Further, the Court does not find a significant risk of piecemeal litigation of the same issues. Defendant's insistence that Plaintiff's simultaneous pursuit of concurrent proceedings presents such a risk is focused on the availability of similar remedies, as discussed *supra*. However, the availability of duplicative remedies under alternative theories of recovery is not uncommon, and when a plaintiff prevails on both theories, the court can avoid a double recovery by fashioning an appropriate judgment. In the Court's view, all of the applicable *Colorado River* factors weigh against abstention.[8]

---

any, preclusive effect an adjudication of Plaintiff's ADEA claim might have on the parties' labor dispute, even if Plaintiff prevails in this action. Defendant also argues, without explanation, that "a decision by the Oklahoma Supreme Court will inform and possibly moot this litigation." *See* Reply Br. at 5. The Court can only assume that Defendant is again talking about available remedies.

[7] Each party has filed a motion in limine, and these motions are currently pending.

[8] In arguing that some factors favor abstention, Defendant makes several unsupported assertions. For example, Defendant contends this case was likely filed in reaction to the Oklahoma Court of Civil Appeals' decision due to a "temporal proximity of Plaintiff's federal Complaint to the state court rulings." *See* Def.'s Mot. at 6. In fact, Plaintiff filed this case almost eight months later, after he received the EEOC's right-to-sue notice as required by the ADEA. Defendant also argues in a conclusory manner that Plaintiff could have raised his age discrimination claim in the state court case. *See* Def.'s Mot at 7; Reply Br. at 8. Defendant provides no factual or legal support for this argument.

In summary, the Court finds that Defendant presents an insufficient reason why this Court should defer to state courts or await their disposition of Plaintiff's labor law claim to proceed with the trial of his federal discrimination claim.

**Conclusion**

For these reasons, the Court concludes that this case should not be stayed during the pendency of state court litigation between the parties.

IT IS THEREFORE ORDERED that Defendant's Motion to Stay [Doc. No. 61] is DENIED.

IT IS SO ORDERED this 20th day of December, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE