IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT FOREST GREEN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-510-D |
| | ) | |
| CITY OF NORMAN, OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

# **O R D E R**

Before the Court for consideration are Plaintiff's Motion in Limine [Doc. No. 42] and Defendant's Motion in Limine [Doc. No. 51], which are fully briefed and at issue.[1]

Plaintiff claims that Defendant terminated his 30-year employment in its utilities department in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 101 *et seq*. The factual and procedural background of the case appears in the Order of August 15, 2018 [Doc. No. 33], denying summary judgment, and will not be repeated here. Both parties seek pretrial rulings on the admissibility of certain evidence that may be offered at the jury trial set on the Court's January 8, 2019 trial docket. Upon consideration of the issues raised by the Motions, the Court makes the following determinations.

---

[1] Each party filed a response brief [Doc. Nos. 54 & 56]. No reply briefs were filed.

## A.    Plaintiff's Motion in Limine

Plaintiff seeks to exclude nine exhibits that Defendant intends to offer at trial.[2] Some of these exhibits raise similar issues and are taken up together.

### 1.    Atwoods Surveillance Video

Plaintiff's supervisor, John McCarrell, saw Plaintiff and a co-worker at an Atwoods store in Norman, Oklahoma, during work hours on February 17, 2014.  Defendant obtained a copy of a video recording that shows Plaintiff entering and exiting the store on that date. Defendant represents that the video formed part of its investigation into alleged misconduct by Plaintiff (and a co-worker) and was included in the materials considered by the decision-maker, Kenneth Komiske.

Plaintiff objects to the exhibit on multiple grounds, including authentication (Rule 901), hearsay (Rules 801-803), relevance (Rules 401 and 402), and undue prejudice (Rule 403).[3]  In argument, however, Plaintiff urges only the hearsay and authentication objections, and assumes the video is relevant if it was part of the decision-making process.

---

[2] Plaintiff bases his Motion on the Final Pretrial Report [Doc. No. 43] which was submitted by the deadline for trial submissions; Plaintiff challenges 14 exhibits and one witness listed by Defendant.  Defendant has made no response to Plaintiff's Motion with respect to five exhibits and the witness.  From Defendant's silence and its failure to offer any support for these exhibits and witness, the Court assumes Defendant concedes the Motion or has elected not to use this evidence.  Either way, the Court finds this part of Plaintiff's Motion should be granted.

The Court does not view the collective bargaining agreement (CBA) governing Plaintiff's employment as a contested exhibit because, although he purports to object to its admission, the CBA is listed in Final Pretrial Report by both parties (Pl.'s Ex. 18, Def.'s Ex. 1) and the parties agree that parts of the CBA are relevant and admissible.  *See* Pl.'s Mot at 1; Def.'s Resp. Br. at 1-2. The Court is confident that counsel can, through reasonably cooperative efforts, reach a mutual agreement regarding an appropriate CBA exhibit to be used at trial.

[3] All citations to rules mean the Federal Rules of Evidence.

*See* Pl.'s Mot. at 2-3. Plaintiff contends Defendant should be required to make "a preliminary showing of admissibility" as provided by Rule 104.

In response, Defendant addresses only the relevance objection. Defendant asserts that the exhibit shows: a) Plaintiff entered and exited the store at certain times (18 minutes apart, although he has said it was a bathroom break); b) Defendant investigated and corroborated Mr. McCarrell's observation; and c) a depiction of "the facts as they appeared to the person making the decision" to discharge Plaintiff. *See* Def.'s Resp. Br. [Doc. No. 56] at 2-3. This argument makes Defendant's intended use of the video unclear. Defendant seems to assert both that it will use the exhibit to prove certain facts shown by the video (particularly, time stamps showing how long Plaintiff was in the store) and that it will use the video simply to document a basis for Mr. Komiske's decision.

The first potential use would be evidence to prove the truth of the matter asserted, and would constitute hearsay under Rule 801(c). Defendant's failure to explain how it proposes to authenticate or establish a hearsay exception prevents this use of the video.[4] The second proposed use would be evidence of Mr. Komiske's belief of a matter regardless of its actual truth, and would not constitute hearsay. *See*, *e.g.*, *Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1423 (10th Cir. 1991) (document showing cost savings "was not hearsay because it was not offered to prove the truth of its contents, but to show [employer's] motivation during the reduction in force"). Also, given this limited use of the

---

[4] Because the parties refer to the exhibit as a surveillance video, the Court assumes it is the type of recording often made by businesses for security purposes. However, Defendant presents no facts that would bring the video within the exception for business records.

exhibit, an employee of Defendant with personal knowledge of how it was obtained could identify the video as one provided by Atwoods at Defendant's request, assuming that is what happened. If authenticated in this way and offered for this limited purpose, the Court finds that the surveillance video is admissible, provided Defendant submits an appropriate limiting instruction that explains its narrow evidentiary purpose to the jury. Therefore, subject to this condition, Plaintiff's Motion regarding the Atwoods video is denied.

### 2.    PowerPoint Presentation

Plaintiff's discipline for alleged misconduct was the subject of a pre-termination hearing for which Defendant created a PowerPoint presentation to explain its position. Plaintiff objects to admission of the PowerPoint at trial on grounds of authentication, hearsay, and "confusion of the issues, unfair prejudice," citing Rule 403. *See* Pl.'s Mot. at 3. Plaintiff contends the PowerPoint "contains a collection of double hearsay, arguments, and opinion" and "the jury might mistakenly believe [it] represented the results of an independent investigation and opinions from some neutral third-party." *Id*. at 4. Defendant contends the PowerPoint was "included in the facts as they appeared to Mr. Komiske" and "is admissible for the same reasons" as the Atwoods surveillance video. *See* Def.'s Resp. Br. at 3.

The Court again agrees with Defendant, provided the PowerPoint exhibit is properly identified and its limited evidentiary purpose is made clear. Although it comes in a different form, this exhibit is not unlike an internal document that might be prepared by an employee's supervisor to explain a recommendation for discipline of the employee to a higher-level supervisor who would decide the matter. *See*, *e.g.*, *Miller v. Jefferson Cty. Bd.*

*of Cty. Comm'rs*, No. 16-CV-2445-JWL, 2018 WL 1116673, *2, *5-7 (D. Kan. Mar. 1, 2018) (memorandum prepared by county employee's manager stating reasons for termination and presented to county commissioners for approval of decision was not hearsay and was relevant to show decision was not pretextual). Reasonable jurors can understand that the PowerPoint was prepared as an informational tool and provided a basis for Mr. Komiske's belief regarding Plaintiff (if witnesses so testify); jurors are unlikely to view it as findings of fact or a matter of actual truth. The Court finds that Plaintiff has not shown the PowerPoint's probative value "is substantially outweighed by a danger of . . . unfair prejudice [or] confusing the issues," as required for the exclusion of relevant evidence under Rule 403. Therefore, Plaintiff's Motion regarding the PowerPoint presentation is denied.

### 3. Audio Recordings of Pre-Disciplinary Meetings

Plaintiff objects to the admission of audio recordings that were made of his pre-termination hearings on the grounds that statements of persons other than himself are hearsay and the recordings are not fully audible. *See* Pl.'s Mot. at 4. Plaintiff relies on *United States v. McIntyre*, 836 F.2d 467, 469-70 (10th Cir. 1987), where the court of appeals discussed the procedure for determining the admissibility of partially inaudible tape recordings. Defendant responds only by arguing that each audio tape recording "is a recitation of the facts as they appeared to the person making the decision at issue" and "other than the attorneys, each person present at the [pre-termination] meeting is listed as a witness by Plaintiff or Defendant." *See* Def.'s Resp. Br. at 3, 4.

The Court finds Defendant's argument to be nonresponsive to the concerns raised by Plaintiff's Motion. First, Defendant does not address the primary objection raised by Plaintiff regarding the quality of the recordings or the audibility of the statements captured by the recordings. Little would be gained from listening to partially inaudible recordings of meetings that were attended by trial witnesses who will testify about what occurred or what was discussed during the meetings.

Further, if the exhibits will be offered to show the truth of statements in the audio recordings, Defendant does not suggest any hearsay exception that would permit the admission of statements by persons other than Plaintiff.[5] Instead, Defendant makes a rote response that the exhibits show facts as they appeared to the decisionmaker, Mr. Komiske.[6] However, Mr. Komiske is not listed as an attendee of the meetings. Unless he listened to the audio recordings before making the termination decision, the content of the audio recordings was not known to him at the time. Defendant does not represent that Mr. Komiske listened to these recordings. Thus, the Court finds that Defendant has failed to show they will be offered for a non-hearsay purpose.

For these reasons, the Court finds that Plaintiff's Motion to prohibit Defendant from using the audio recordings during its case in chief should be granted.

---

[5] The fact that the persons who attended the hearings are listed as trial witnesses, if true, may make the recordings proper impeachment evidence under Rule 613(b) or non-hearsay for rehabilitation of a witness under Rule 801(d)(1)(B). But it would not affect their inadmissibility as hearsay.

[6] Defendant makes this same response regarding all exhibits except two documents and audio recordings of post-termination hearings. *See* Def.'s Resp. Br. at 3, 4, 5, 6.

### 4.     Reprimands

Plaintiff objects to two documents that Defendant intends to offer as evidence of an oral reprimand of Plaintiff dated August 10, 2012, and a written reprimand issued August 23, 2012.   Plaintiff contends one document is inaccurate in that the written reprimand was withdrawn, and use of the documents would be improper under the collective bargaining agreement (which imposes a time limit for consideration of reprimands for disciplinary purposes).   Plaintiff argues that admitting these documents would be "unfairly prejudicial and inherently confusing and misleading" under Rule 403 and that they constitute "improper character evidence."  *See* Pl.'s Mot. at 5, 6.

Defendant contends the reprimands did not form a basis for Plaintiff's termination and will not be offered to support the decision, but will be offered only to rebut Plaintiff's testimony that he was engaging in the same conduct that a prior supervisor had approved. Defendant contends the reprimands show Plaintiff had been previously been warned about the alleged misconduct.

On the present record, the Court lacks sufficient information to evaluate the parties' arguments, particularly Plaintiff's contention that the reprimands constitute character evidence under Rule 404(a).[7]  Also, the Court finds that the Rule 403 balancing required by the parties' arguments should be performed in the context of the trial evidence. Therefore, Plaintiff's Motion regarding the 2012 reprimands is denied, but Defendant is

---

[7]  Plaintiff has provided copies of the documents (Def.'s Ex. 11) with his Motion.  *See* Pl.'s Mot., Ex. 2 [Doc. No. 42-2].  In these documents, two supervisors (only one of whom is mentioned in Defendant's response) cite Plaintiff for failing to follow operating procedures and directives.

directed to advise Plaintiff and the Court before offering the exhibit at trial so Plaintiff's objections can be resolved outside the presence of the jury.

**5. Sewer Line Videos**

As part of Defendant's investigation into whether Plaintiff was performing the activities recorded on his work logs, Defendant created video recordings that allegedly "show the condition of a sewer line after Plaintiff claims he washed it and after it was washed by another Sewer Line Maintenance crew." *See* Def.'s Resp. Br. at 5  Plaintiff objects to the admission of these recordings, primarily on the ground of hearsay.[8] Although Defendant's description of the videos suggests an intention to use them to show the truth of the matters asserted (the condition of the sewer lines before and after washing), Defendant represents that it intends to use them only as a basis for Mr. Kimiske's belief of matters shown by the videos.  If offered for this limited purpose, the Court finds that the sewer line videos are admissible, subject to an appropriate limiting instruction that explains their narrow evidentiary purpose to the jury.  Therefore, on this condition, Plaintiff's Motion regarding the sewer line videos is denied.

**6. Audio Recording of OESC Hearing**

Plaintiff objects on hearsay grounds to the admission of an audio recording of an administrative hearing conducted before the Oklahoma Employment Security Commission

---

[8]    While preserving objections on grounds of authentication and relevance listed in the Final Pretrial Report, Plaintiff argues only that Defendant should be required to authenticate the videos and show their relevance as matters on which Defendant relied to decide his discipline. *See* Pl.'s Mot. at 6-7.  Based on the representations of counsel in Defendant's response brief, the Court assume these preconditions to admissibility can be met.

(OESC) regarding his claim for unemployment benefits.[9] Defendant responds in a similar manner as it did regarding other audio recordings, arguing only that the witnesses who testified at the OESC hearing are also trial witnesses. Accordingly, the Court finds that Defendant has failed to show the audio recording of the OESC hearing is admissible as part of its case in chief.[10] Therefore, Plaintiff's Motion regarding the OESC recording is granted.

### 7. Audio Recordings Regarding Another Employee

Plaintiff objects on grounds of hearsay and relevance to the admission of audio recordings of a pre-termination hearing and an OESC hearing regarding another employee, Bill Fox. Defendant makes the same arguments as it did regarding the recordings of Plaintiff's pre-termination and OESC hearings. *See* Def.'s Resp. Br. at 6-7. For the same reasons (lack of a non-hearsay purpose), the Court finds that Plaintiff's Motion to exclude the audio recordings of Mr. Fox's hearings from Defendant's case in chief should be granted.

### B. Defendant's Motion in Limine

Plaintiff's termination was the subject of an arbitration and an EEOC charge that both resulted in rulings favorable to Plaintiff. Defendant objects to the admission of the

---

[9] As with the other audio recordings, Plaintiff also suggests the Court should make a preliminary determination whether the recording is sufficiently audible to be admissible, but he does not represent that any part of the OESC recording is inaudible.

[10] In addition to possible uses of the recording to test the credibility of witnesses, *see supra* note 5, the fact that the hearing involved sworn testimony would allow witnesses' statements to be used as prior inconsistent statements as permitted by Rule 801(d)(1)(A).

EEOC's Determination and the arbitrator's Opinion and Award on grounds of relevance under Rules 401 and 402, and undue prejudice under Rule 403.

### 1. EEOC's Determination

The EEOC investigated Plaintiff's charge of discrimination and issued a written decision dated August 3, 2016, finding "reasonable cause that [Plaintiff] was terminated based on his age (52 at the time)." *See* Pl.'s Resp. Def.'s Mot. Summ. J., Ex. 1 [Doc. No. 28-1] (hereafter, "Determination"). Defendant asserts that the EEOC's Determination "is irrelevant, contains inadmissible hearsay, and lacks trustworthiness" and "its probative value is substantially outweighed by the danger of unfair prejudice." *See* Def.'s Mot. at 2, 4.

Although not entirely clear, Defendant's hearsay argument seems to be that EEOC decisions are inherently unreliable and lack sufficient trustworthiness to be treated as public records under Rule 803(8).[11] *See* Def.'s Mot. at 2-3. Defendant ignores case law applying this hearsay exception to EEOC findings. *See, e.g., Chandler v. Roudebush,* 425 U.S. 840, 863 n.39 (1976) (administrative findings for "an employment discrimination claim may, of course, be admitted as evidence" at trial, citing Fed. R. Evid. 803(8)); *accord Cervantes v. Wal-Mart Stores, Inc.*, 1 F. App'x 762, 765-66 (10th Cir. 2001) (unpublished); *see also Tuffa v. Flight Servs. & Sys., Inc.*, 644 F. App'x 853, 855 n.3 (10th Cir. 2016) (unpublished) (assuming EEOC determination "qualifies as a public record"); *Hall v. W.*

---

[11] The hearsay exception for public records applies to "[a] record or statement of a public office if: "(A) it sets out . . . (iii) in a civil case . . . , factual findings from a legally authorized investigation; and (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." *See* Fed. R. Evid. 803(8) (emphasis added).

*Prod. Co.*, 988 F.2d 1050, 1057-58 (10th Cir. 1993) (state EEO "agency reports are admissible under Fed.R.Evid. 803(8)(C) if they are prepared pursuant to authority granted to the agency by law and are trustworthy"); *accord White v. Okla.*, 552 F. App'x 840, 848 (10th Cir. 2014).[12]  Instead of viewing EEOC reasonable cause determinations as unreliable, the Tenth Circuit has stated that they "can be highly probative of the ultimate issues involved." *Cervantes*, 1 F. App'x at 765.

In this case, the Court finds that Defendant has not carried its burden to show a lack of trustworthiness in the EEOC's Determination that would disqualify it from being treated as a public record.  Defendant merely points to one part of the Determination as unreliable: a finding that Plaintiff and his co-worker were following customary practices approved by a supervisor when they engaged in conduct that Defendant targeted for discipline.  Defendant contends this statement is inconsistent with certain evidence, but it is unclear whether that evidence was presented to the EEOC during its investigation.  Plaintiff contends the evidence was not before the EEOC; Defendant has not disputed this contention.  Therefore, the Court finds that EEOC's Determination is admissible under the public records exception to the hearsay rule.

As to Defendant's Rule 403 objection, the rule in this circuit is that district "courts have discretion in deciding whether to admit EEOC determinations into evidence." *Nulf v. Int'l Paper Co.*, 656 F.2d 553, 563 (10th Cir. 1981); *accord Tuffa*, 644 F. App'x at 855;

---

[12]  Unpublished opinions cited pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).

*White*, 552 F. App'x at 848; *see also Cervantes*, 1 F. App'x at 765 ("a district court has discretion whether to admit an EEOC probable cause determination at trial"). Where the determination merely summarizes the parties' evidence and reaches a conclusion, one might reasonably question the probative value of the exhibit and find its value is substantially outweighed by a likelihood that the jury would misunderstand a reasonable-cause finding or give undue deference to the EEOC's expertise in discrimination matters. *See*, *e.g.*, *Denny v. Hutchinson Sales Corp.*, 649 F.2d 816, 822 (10th Cir. 1981) (affirming exclusion of agency probable-cause finding under Rule 403); *see also Hall*, 988 F.2d at 1058 (affirming exclusion of agency no-cause finding because "all the evidentiary matter before the [agency] could be presented to the jury" and "the only purpose to be served by admitting into evidence the [agency] report would be to suggest to the jury that it should reach the same conclusion") (internal quotation omitted). In this case, the EEOC's Determination consists of a brief two-page summary of the EEOC charge, facts shown by evidence submitted during the investigation, and conclusory findings of age discrimination but no race discrimination or retaliation. Thus, the Determination appears to have little probative value.

However, Plaintiff asserts that the probative value of the EEOC's Determination is not limited to the agency's finding of probable age discrimination. Plaintiff contends "the EEOC determination contains non-cumulative evidence and independent relevance for which there is not [sic] evidentiary alternative." *See* Pl.'s Resp. Br. at 8. As one example, Plaintiff points to a statement in the Determination that Defendant confirmed to the EEOC "that other employees had not been treated in this manner," referring to hiring private

investigators and using GPS tracking to monitor Plaintiff's activities (Determination at 1), but Defendant has later taken a different position. *See* Def.'s Reply Br. Supp. Mot. Summ. J. [Doc. No. 29] at 4 & Ex. 20 [Doc. No. 29-2] (providing testimony that Defendant's police department investigated and used GPS tracking to determine misconduct by parking enforcement officer). Plaintiff also points to the EEOC's finding that he and Mr. Fox "were never notified or warned that they may have been violating any of [Defendant's] policies prior to their immediate suspension" (Determination at 1) as showing that Defendant did not provide the EEOC with any evidence of prior discipline, which is inconsistent with Defendant's proposed evidence in this case of prior reprimands. Plaintiff argues that the EEOC's Determination thus provides "evidence of admissions, shifting positions and inconsistent explanations," which provides proof of pretext and lack of credibility. *See* Pl.'s Resp. Br. at 10.

At this point, Plaintiff's contentions stand unrefuted and are supported by the case record. Therefore, accepting Plaintiff's representations regarding the likely trial evidence, the Court finds that the EEOC Determination should be admitted. Defendant's Motion regarding the EEOC's Determination is denied.

### 2. Arbitrator's Opinion and Award

In accordance with the collective bargaining agreement, the union initiated an arbitration when a grievance regarding Plaintiff's termination was unsuccessful in obtaining relief. After a hearing, the arbitrator found that Plaintiff had been wrongly discharged and ordered reinstatement with back pay and restoration of other benefits. Defendant sought judicial review of the arbitration award; the state court case remains

pending on appeal. *See Am. Fed'n of State, Cty. & Mun. Emps., Local 2875 v. City of Norman*, No. 114,640, Order (Okla. Civ. App. Sept. 16, 2016) (affirming district court's order vacating award but remanding with directions to remit matter to arbitrator for decision regarding progressive discipline), *cert. granted* (Mar. 27, 2017).

Defendant asserts the arbitrator's decision "is wholly irrelevant" because it has been vacated. *See* Def.'s Mot. at 4. This assertion is inaccurate; the question of whether the arbitrator's award should be confirmed or vacated has not reached a final disposition in the state court litigation. Like its objection to the EEOC's Determination, Defendant also asserts the arbitrator's opinion "is unreliable" because the arbitrator ignored or misstated certain evidence. *See id*. at 4-5. The Court understands this assertion to raise an objection based on the public records exception to the hearsay rule. *See supra* note 11. As with the EEOC's Determination, the Court finds that Defendant has not carried its burden to show a lack of trustworthiness in the arbitrator's opinion that would disqualify it from being treated as a public record.

Finally, Defendant asserts that any "probative value [of the arbitrator's opinion] is outweighed by the risk of unfair prejudice." *Id*. at 4. Plaintiff admits "the arbitrator did not purport to decide any issues of age discrimination." *See* Pl.'s Resp. Br. at 12. But he argues that "the arbitrator did decide whether there was sufficient cause for termination" and that the arbitrator's finding on this issue "is obviously relevant since it goes directly to the employer's explanation/pretext prongs of the *McDonnell Douglas* analysis." *Id*.[13]

---

[13] In his argument, Plaintiff includes state law authority regarding the doctrine of issue preclusion and suggests the arbitrator's findings may be given preclusive effect. *See id*. at 13-14.

After reviewing the arbitrator's Opinion and Award [Doc. No. 1-3] and considering the parties' arguments and pertinent legal authorities, the Court finds little, if any, probative value in the opinion and that its value is substantially outweighed by a danger of unfair prejudice. Neither party acknowledges Supreme Court precedent holding that an "arbitral decision may be admitted as evidence [in an employment discrimination case] and accorded such weight as the court deems appropriate." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 60 (1974). Although the Court in *Alexander* adopted no standards to govern the trial court's discretion, it offered the following guidance:

> Relevant factors include the existence of provisions in the collective-bargaining agreement that conform substantially with Title VII, the degree of procedural fairness in the arbitral forum, adequacy of the record with respect to the issue of discrimination, and the special competence of particular arbitrators. Where an arbitral determination gives full consideration to an employee's Title VII rights, a court may properly accord it great weight. This is especially true where the issue is solely one of fact, specifically addressed by the parties and decided by the arbitrator on the basis of an adequate record. But courts should ever the mindful [sic] that Congress, in enacting Title VII, thought it necessary to provide a judicial forum for the ultimate resolution of discriminatory employment claims. It is the duty of courts to assure the full availability of this forum.

*Id*. at 60 n.21. Consideration of these factors in this case leads the Court to conclude first that, as acknowledged by Plaintiff, the arbitrator's opinion says nothing about the possibility that Defendant's conduct was motivated by age discrimination. On the other

---

Plaintiff provides no authority for the proposition that the arbitrator's findings on labor law issues (even if viewed as final) should control any issues to be decided by the jury in his ADEA case. Therefore, the Court finds this argument presents no issue for decision. In any event, the Court notes that the Tenth Circuit has held that "no preclusive or waiver effect should have been given to the prior arbitral decision" under a collective bargaining agreement in a later employment discrimination case under Title VII. *See Mathews v. Denver Newspaper Agency LLP*, 649 F.3d 1199, 1201, 1208 (10th Cir. 2011).

hand, there is a real possibility that the jury would be swayed by the arbitrator's opinion regarding the fairness or adequacy of Defendant's decision-making process and the wisdom of its termination decision. These are improper considerations for the jury in determining the issues of pretext and age discrimination that will be presented for decision at trial. Therefore, the Court finds that the arbitrator's Opinion and Award should not be admitted into evidence, even though it will necessarily be referred to during the parties' arguments and presentation of relevant evidence.[14] Thus, Defendant's Motion on this issue is granted.

## Conclusion

In summary, the Court rules on the issues presented by the parties' Motions in Limine as follows:

- Plaintiff's Motion regarding uncontested evidence and issues (Defendant's Exhibits No. 16-20 and Witness Mark Braley) is granted;

- Subject to the conditions stated in this Order, Plaintiff's Motion to exclude the Atwoods surveillance video is denied;

- Plaintiff's Motion to exclude the PowerPoint presentation is denied;

- Plaintiff's Motion to prohibit Defendant from presenting audio recordings of his pre-termination meetings, the OESC hearing, and Mr. Fox's hearings during its case in chief is granted;

- Subject to the conditions stated in this Order, Plaintiff's Motion to exclude evidence of prior reprimands is denied;

---

[14] Plaintiff argues, for example, that the fact he received an arbitral award is relevant to Defendant's affirmative defense of failure to mitigate damages. Defendant does not request in its Motion that all references to the award be excluded; its asks only that Plaintiff's proposed evidence (here, Exhibit No. 11) should not be admitted.

- Subject to the conditions stated in this Order, Plaintiff's Motion to exclude the sewer line videos is denied;

- Defendant's Motion to exclude the EEOC's Determination is denied; and

- Defendant's Motion to exclude the Arbitrator's Opinion and Award is granted.

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine [Doc. No. 42] is GRANTED in part and DENIED in part, and Defendant's Motion in Limine [Doc. No. 51] is GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 26th day of December, 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE